ABRAHAM NEWMAN v. LAWRENCE H. SANDERS, EXECUTOR OF BARBARA ROSENBAUM, DECEASED.

Argued February 16, 1916—Decided June 8, 1916.

1. It is settled law in this state that an action for permissive waste will lie under the statute of waste. *Comp. Stat.,* p. 5789.
2. Although the statute of waste gives no right of relief against the personal representatives of the deceased committer of the waste, it is to be inferred that the legislature had in mind that act in enacting the act of 1855 (*Comp. Stat.,* p. 2260, § 5), relating to the survival of actions. Consequently, an action for waste either committed or suffered to be committed survives against the personal representatives of the deceased committer of the waste.

---

On motion to strike out complaint.

Before Justices PARKER, MINTURN and KALISCH.

For the plaintiff, *Queen & Stout.*

For the defendant, *McDermott & Enright.*

The opinion of the court was delivered by

PARKER, J. This is a suit by the remainderman against the executor of a life tenant for permissive waste suffered by the life tenant during the running of the life estate. The motion is tantamount to a demurrer under the former practice.

The two grounds argued are—*first,* that the complaint is not definite, and *second,* that the action has abated by reason of the death of the life tenant and does not survive against the executor. We see nothing in the first ground. The indefiniteness objected to is simply that the complaint fails to state whether the action is brought as at common law, or upon the statute of waste. The courts notice public statutes *ex-officio* without their being pleaded. 1 *Chit. Pl.* 246. If therefore the complaint states a cause of action either at common law or by statute, it is not vulnerable to a demurrer.

This brings us to the second ground, which brings up the real point. It is urged, and correctly, that the statute of waste (*Comp. Stat., p.* 5789) gives no right of relief against the personal representative of the deceased committer of the waste. There is a good deal of old learning upon the question whether an action will lie at all under the statute for permissive waste, but in this state this has been settled by the decision of Chief Justice Depue in the case of *Moore* v. *Townsend,* 33 *N. J. L.* 402, where he goes into the history of the decisions and holds that even under the statute of Marlbridge there was a remedy for permissive as well as for active waste, and then proceeds to call attention to the wording of our statute, which does not exactly copy the statute of Marlbridge, and if anything enlarges it. That statute is section 2 of the act concerning waste and dates from the time of Paterson (see *Pat. Rev., p.* 179). The words used are "make or suffer any waste." This statute has been reenacted from time to time in our revisions and now appears in the *Comp. Stat., p.* 5790. It is held in the opinion in the Townsend case

that the action is an action on the case, and such is evidently the present action. It plainly lies against a living person. As to whether such an action survives against the personal representative of a deceased person, we should apply the reasoning of the opinion in the recent case of Hackensack Trust Company against Vandenberg in 88 *N. J. L.* 518. That was a case where the statute of 1848 gave a right of action for injury causing death, which right of action did not previously exist. We held there, that by reason of the fact that the act of 1855 (*Comp. Stat., p.* 2260, § 5), relating to the survival of actions, came after the act of 1848, it was to be inferred that the legislature had that act in mind in passing the act of 1855 and meant the survival to apply to an action for injury causing death. The same principle applies to the statutory action of waste, and we consider that the Hackensack Trust Company case is authority for the proposition that section 2 of the Waste act, which gives an action generally for damages for waste either done or suffered created a cause of action that survives by reason of the Executors and Administrators act of 1855. We think, therefore, that the motion to strike out the complaint must fail.